UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
(SAN ANTONIO DIVISION)

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 5:20-cv-479 |
| | ) | |
| v. | ) | |
| | ) | |
| JON GRANT FORD, | ) | |
| TODD-FORD, INC. and | ) | |
| TODD-FORD, INC. EMPLOYEES' PROFIT | ) | |
| SHARING PLAN, | ) | |
| | ) | |
| Defendants. | | |

## **COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor, brings

this action against Defendants, JON GRANT FORD, TODD-FORD, INC., and TODD FORD,

INC. EMPLOYEES' PROFIT SHARING PLAN, pursuant to Sections 502(a)(2) and 502(a)(5),

29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), for appropriate equitable and remedial

relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5), to enjoin

violations of the provisions of Title I of ERISA, and to obtain other appropriate relief to redress

violations and to enforce the provisions of Title I of ERISA.

## I. JURISDICTION

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29

U.S.C. § 1132(e)(1).

## II. VENUE

Venue of this action lies in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## III. THE PLAN

Todd-Ford, Inc. Employees' Profit Sharing Plan is, and at all times hereafter mentioned was, an employee pension benefit plan within the meaning of ERISA Section 3(2), 29 U.S.C. § 1002(2).  The Plan was established by, and at all times hereinafter mentioned was maintained by Todd-Ford, Inc., an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).  During all times hereinafter mentioned, the Plan had been administered in San Antonio, Texas, within the jurisdiction of this Court.

## IV. THE DEFENDANTS

A.     At all relevant times, Jon Grant Ford was the owner of Todd-Ford, Inc. and conducted the daily administration of the Plan as a functional Plan Administrator.  At all relevant times, Jon Grant Ford was also a named Plan Trustee.  As the functional Plan Administrator and a Trustee, Jon Grant Ford had and exercised discretionary authority, control, and responsibility over Plan management and administration and had actual control over Plan assets, including, but not limited to, determining the disposition and distribution of Plan assets.  At all relevant times, Defendant Jon Grant Ford was a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).  During all relevant times, Jon Grant Ford conducted his job duties concerning the management and administration of the Plan in San Antonio, Texas, within the jurisdiction of this Court.

2

B.      Todd-Ford, Inc. is, and at all times hereinafter mentioned was, a corporation engaged in providing mechanical contracting support and on information and belief assisted in the construction of commercial property within the jurisdiction of this Court.  At all times hereinafter mentioned, Todd-Ford, Inc. has been an employer, Plan Sponsor and named Plan Administrator with respect to the Todd-Ford Inc. Employees' Profit Sharing Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B).  At all times hereinafter mentioned, Todd-Ford, Inc. also has been the named Plan Administrator. Accordingly, at all times hereinafter mentioned, Todd-Ford, Inc. has been a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).

C.      The Plan, as described in paragraph III, above, is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## V. ERISA VIOLATIONS

A.      During the period from on or about December 11, 2014 through on or about August 10, 2018, Defendants Jon Grant Ford and Todd-Ford, Inc. withdrew Plan assets 65 separate times in excess of the Plan assets to which Mr. Ford was entitled under the terms of the Plan.  On information and believe, Defendants Jon Grant Ford and Todd-Ford, Inc. used such Plan assets for their own respective benefit and may have used such Plan assets to pay excessive and unauthorized Plan expenses and other non-Plan-related expenses.

B.      Additionally, during the same aforementioned period, Defendants Jon Grant Ford and Todd-Ford, Inc. failed to make required distributions from the Plan to Plan participants.

C.      Finally, Defendants Jon Grant Ford and Todd-Ford, Inc. committed a number of

3

non-monetary violations, including, but not limited to, failing to secure a fidelity bond; failing to provide Plan participants with copies of individual benefit statements, copies of summary annual reports, and the most recent summary plan description; and failing to file the annual Form 5500 since 2014.

D.      As a result of their respective actions, Defendants Jon Grant Ford and Todd-Ford, Inc. were fiduciaries with respect to the Plan and they each violated the provisions of ERISA in that they respectively:

(1)      Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(2)      Failed to discharge their duties to the Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(3)      Failed to discharge their duties with the respect to the Plan solely in the interest of the Plan participants and beneficiaries in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D);

(4)      Caused the Plan to engage in transactions which they knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

4

(5)     Dealt with the assets of the Plan in their own interests or for their own

accounts in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1); and

(6)     Engaged in transactions involving the Plan on behalf of a party whose

interests were adverse to the interests of such trust and the interests of its participants and

beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

E.     The violations occurred in, but were not limited to, withdrawing Plan assets in

excess of what Jon Grant Ford was owed and entitled; permitting Jon Grant Ford, a party in

interest, to use Plan assets for his own benefit and other non-Plan purposes; and failing to

properly administer the Plan for the exclusive purpose of providing benefits to participants and

beneficiaries.

F.     The fiduciaries' violations resulted in the following Plan losses:

(1)     $229,842.77 in Plan assets that were withdrawn between December 11,

2014, and August 10, 2018, for non-Plan purposes, plus lost opportunity costs and interest;

(2)     Subsequent to that time frame, and on information and belief, additional

Plan assets may have been used to pay excessive Plan expenses and/or non-Plan-related

expenses, i.e., such as Jon Grant Ford and Todd-Ford, Inc.'s legal fees and expenses; and

(3)     Lost opportunity costs and interest associated with (F)(2) that cannot be

calculated until the Plan assets are determined, restored and distributed to the participants.

## VI. DIRECT LIABLITY

As a result of engaging in breaches of its fiduciary responsibilities, obligations, or duties

and by engaging in transactions prohibited by ERISA, as described in Part V of this Complaint,

Defendants Jon Grant Ford and Todd-Ford, Inc. have caused the Plan to suffer financial losses

for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. §

1109(a).

## VII. COFIDUCIARY LIABILITY

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, Defendants Jon Grant Ford and Todd-Ford, Inc. are fiduciaries with respect to the Plan and are personally liable for the breaches of fiduciary responsibility set forth in paragraph V, above, committed by their co-fiduciaries with respect to the Plan during the period from December 11, 2014, to August 10, 2018 as well as on information and belief any additional breaches that occurred thereafter. Defendant Todd-Ford, Inc., as named Plan Administrator acting through Jon Grant Ford and Defendant Jon Grant Ford, as Trustee for the Plan and functional Plan Administrator acting on Todd-Ford, Inc.'s behalf for the Plan, were each aware of the actions of their co-fiduciary to arrange for excessive distributions and to fail to administer the Plan in accordance with Plan documents, were able to take action to remedy the violations set forth in paragraph V above, and failed to do so.

## VIII. PRAYER

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor prays that this Court:

1.      Permanently enjoin Defendants Jon Grant Ford and Todd-Ford, Inc. from violating the provisions of ERISA;

2.      Permanently enjoin Defendants Jon Grant Ford and Todd-Ford, Inc. from acting as a fiduciary to the Plan or any other employee benefit Plan covered by ERISA;

3.      Order Defendants Jon Grant Ford and Todd-Ford, Inc. to restore all losses to the Plan, including lost opportunity costs, resulting from their breaches of fiduciary duties, to correct all prohibited transactions, and if necessary, and available, to offset any claims or benefits

pursuit to Section 206(d)(4), 29 U.S.C. § 1106(d)(4), which they may have against or with the Plan against the amount of losses, including any lost opportunity costs, resulting from their violations;

4.      Order Defendants Jon Grant Ford and Todd-Ford, Inc. to engage independent fiduciaries to be approved in advance by the Court and paid at the Defendants' expense to (a) administer the Plan, (b) perform an accounting, and (c) perform any other functions necessary to collect funds owed the Plan, distribute them, and terminate the Plan;

5.      Award plaintiff costs of this action; and

6.      Provide such other remedial relief as may be appropriate.

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

ROBERT A. GOLDBERG
Counsel for ERISA

/s/ Matthew P. Sallusti
MATTHEW P. SALLUSTI
Senior Trial Attorney
Trial Attorney-in-Charge
TX Bar No. 24013447
Email:  sallusti.matthew@dol.gov
             docket.dallas@dol.gov
U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
(972) 850-3100
(972) 850-3101-fax
Attorneys for Plaintiff.
Filed April 17, 2020
RSOL Case No. 0650-19-01037